UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRIS L. HOOKER,<br><br>         Plaintiff,<br><br>    v.<br><br>NAPHCARE MEDICAL et al.,<br><br>         Defendants. | Case No. 2:22-cv-00074-EJY<br><br>**ORDER**<br><br>**and**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF Nos. 1, 1-1 |

On January 14, 2022, Plaintiff, an inmate in the custody of the Clark County Detention Center, filed a state court application form to proceed *in forma pauperis* together with documents that are meant to present a civil rights complaint under 42 U.S.C. § 1983. ECF Nos. 1, 1-1.

**I.     Plaintiff's *In Forma Pauperis* Application is on The Wrong Form and is Incomplete.**

Under Local Rule LSR 1-1, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis* must submit the Court approved *in forma pauperis* form that requires a completed application, a financial certificate properly signed by both the inmate and a prison or jail official, and a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

**II.    Screening Plaintiff's Complaint Shows He Fails to State a Decipherable Claim.**

The Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) despite the failure to file a compliant *in forma pauperis* application because in order for this matter to proceed Plaintiff must amend his Complaint.

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). To

survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's currently filed Complaint fails to state a decipherable claim upon which relief may be granted. Rule 10(b) of the Federal Rules of Civil Procedure requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." *Id.* Based on Plaintiff's filing, it is impossible for the Court to reasonably decipher what it is Plaintiff seeks as the result of what claims. Three pages of Plaintiff's Complaint are entirely unreadable due to the apparently smudged or otherwise obscured handwriting. ECF No. 1-1 at 3-5. Because these pages are illegible, the Court cannot properly assess the merits of the Complaint. In addition, Plaintiff's Complaint frequently abbreviates terms such that interpreting Plaintiff's meaning is burdensome. *See, e.g., id.* at 2, 5. For these reasons, the Complaint as a whole does not provide fair notice to Defendants of any claim that may be defended.

### III. Order

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, together with the document entitled information and instructions for filing an *in forma pauperis* application. Plaintiff must file a complete application to proceed *in forma paupers* or pay the $402 filing fee for a civil action on or before **March 1, 2022**. A complete *in forma pauperis* application includes:

(1) completed information on the Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that the Clerk of the Court shall send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same.

IT IS FURTHER RECOMMENDED that Plaintiff be given until **March 1, 2022** to file an amended complaint. If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the word "Amended" above the words "Civil Rights Complaint" in the caption.

Plaintiff is advised that if he files an amended complaint that complaint must include all of the facts and all claims for relief Plaintiff seeks to assert in a form that complies with the instructions given above regarding Rule 10(b). Plaintiff must print clearly and legibly so that the Court may decipher the contents of his complaint. Upon filing an amended complaint, Plaintiff's original complaint no longer plays any role in this case.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file a complete application to proceed *in forma pauperis* and an amended complaint by or before **March 1, 2022**, this matter be dismissed without prejudice.

DATED: January 18, 2022

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).